ty of the sum bid and that, if this was made definite, a better price would have been bid. This of course may be true, but on the other hand a better price might not be obtained. The court may well refuse to set aside a sale for inadequacy of price without some reasonable expectation that a higher price will be bid at a resale.

The assignments of error are overruled and the decree of the District Court affirmed.

and adjudged that the judgment of the said District Court in said cause be and the same is reversed, and that said cause be remanded to the said District Court, with instructions to proceed with the trial thereof in regular course.

It is further ordered that the mandate of this court shall issue without delay.

**THOMAS v. UNITED STATES et al.**

No. 8734.

Circuit Court of Appeals, Fifth Circuit.

April 25, 1938.

M. F. Pierce, of Greenwood, Miss., for appellant.

George T. Mitchell, U. S. Atty., of Tupelo, Miss., and Lester M. Sack, Asst. U. S. Atty., of Clarksdale, Miss., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

In the above numbered and entitled cause, comes the appellee United States of America, by its counsel, and confesses that in the record and proceedings of the court below there is reversible error. Because of such error so confessed, it is ordered

**BIRRELL v. GREAT LAKES UTILITIES CORPORATION et al.**

**ADAMS et al. v. GREAT LAKES UTILITIES CORPORATION et al.**

Nos. 6560, 6561.

Circuit Court of Appeals, Third Circuit.

May 6, 1938.

Lowell M. Birrell, of New York City (Robert H. Snyder, of New York City, of counsel), for appellants.

Hugh M. Morris and Edwin D. Steel, Jr., both of Wilmington, Del., for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and WATSON, District Judge.